Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>KEVIE A. VÉLEZ RIVERA<br><br>Peticionario | KLCE202400400 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso núm.: B1VP202300836 y 837<br><br>Sobre: Art. 3.2(A) Ley 54; Art. 3.4 Ley 54 |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, juez ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de abril de 2024.

Comparece ante este Tribunal de Apelaciones el Sr. Kevie A. Vélez Rivera (el peticionario) mediante el recurso de *certiorari* de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aibonito (TPI), el 8 de marzo de 2024, notificada el 12 de marzo siguiente. Mediante ese dictamen se declaró *Ha Lugar* a la enmienda a la denuncia solicitada por el Ministerio Público.

Por los fundamentos que exponemos a continuación, declaramos *No Ha Lugar* a la paralización de los procedimientos y denegamos la expedición del recurso de *certiorari* solicitado.

**I.**

Surge del recurso ante nuestra consideración que el 2 de diciembre de 2023 se sometieron dos (2) denuncias contra el peticionario por hechos ocurridos ese mismo día.[1] En las referidas denuncias se imputó violaciones a los Artículos 3.2 (a) y 3.4 de la

---

[1] Véase el Apéndice del Recurso, a las págs. 22-23.

Ley núm. 54-1989 conocida como la Ley para la Prevención e Intervención con la Violencia Doméstica, según enmendada.[2] Celebrados los procedimientos, al palio de la Regla 6 de Procedimiento Criminal, 34 LPRA Ap. II, R. 6, el TPI determinó en ambos delitos causa para arresto. La vista preliminar quedó señalada para el 26 de febrero de 2024.

El 21 de febrero de 2024, el Ministerio Público presentó una moción solicitando la enmienda a la denuncia que imputa la infracción al Artículo 3.2 (a) a los efectos de añadir, entre otros, que: "Siendo esto un patrón de conducta por parte del imputado."[3]

El 8 de marzo de 2024, el TPI emitió la *Resolución* recurrida en la cual determinó:[4]

> Atendida la "Moción a Enmienda a Denuncia" presentada por la Fiscal Alexandra N. Cardín Cruz, el Tribunal resuelve lo siguiente:
>
> Discutida en sala. A los fines de ventilar el caso en el día de hoy y toda vez que fue solicitada sin el término de cinco (5) días. Ministerio Público solicitó reseñalar indicando que es necesaria la enmienda. Se señaló para el 18 de marzo de 2024 y se declara Ha Lugar la enmienda solicitada.

El 15 de marzo de 2024, el peticionario presentó una moción solicitando reconsideración. Adujo que en la vista del 26 de febrero el peticionario argumentó su objeción a la enmienda. En apretada síntesis, señaló que la denuncia no adolece de ningún defecto sustancial y que la oración que se pretende añadir afecta la defensa

---

[2] El Artículo 3.1, 8 LPRA sec. 631, tipifica como *Maltrato*: Toda persona que empleare fuerza física o violencia psicológica o económica, intimidación o persecución en la persona de [...], para causarle daño físico a su persona, al animal de compañía o mascota de la víctima, de los hijos o del victimario, a los bienes apreciados por esta, [...] o para causarle grave daño emocional, incurrirá en delito grave de cuarto grado en su mitad superior. **No será necesaria la prueba de un patrón de conducta para que se constituya el delito de maltrato**. El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida. La violencia psicológica también ocurrirá cuando [...]. Para que se constituya la violencia psicológica mediante violencia digital o cibernética, **no será necesario la prueba de un patrón de conducta**.

Por otro lado, el Artículo 3.2 en su inciso (a), 8 LPRA sec. 632, estable como *Maltrato Agravado* cuando se incurre en maltrato penetrando en la morada de la persona o en el lugar donde esté albergada y se cometiere allí el maltrato.

Por último, el Artículo 3.4, 8 LPRA sec. 634, estable el maltrato mediante restricción de la libertad con el conocimiento de la víctima.

[3] Véase el Apéndice del Recurso, a las págs. 5-6.

[4] *Íd.*, a la pág. 3.

del imputado. Indicó que luego de escuchadas las partes, el foro recurrido declaró en corte abierta *no ha lugar* al petitorio y *no ha lugar* a la reconsideración que sometiera verbalmente el Ministerio Público.[5] Añadió que la *Resolución* emitida es sorpresiva y solicitó se restableciera la determinación original.

El 18 de marzo de 2024, el TPI declaró *No Ha Lugar* al petitorio e indicó que el peticionario ha tenido en exceso de cinco (5) días para prepararse y **señaló la vista preliminar para el 22 de abril**.[6]

Aún inconforme con dicho dictamen, el peticionario acude ante este tribunal intermedio imputándole al TPI haber incurrido en los siguientes errores:

> A. PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR SU RESOLUCIÓN DEL 8 DE MARZO DE 2024 Y ARCHIVADA EN AUTOS EL 12 DE MARZO DE 2024 AUTORIZANDO LA ENMIENDA A LA DENUNCIA CUANDO SURGE DE LOS PROPIOS AUDIOS DE LA VISTA CELEBRADA EL 26 DE FEBRERO DE 2024 QUE EL TPI DECLARÓ NO HA LUGAR LA SOLICITUD DE ENMIENDA A LA DENUNCIA Y LA SOLICITUD DE RECONSIDERACIÓN PRESENTADA POR EL MINISTERIO PÚBLICO EN LA PROPIA VISTA.
>
> B. SEGUNDO ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA ENMIENDA A LA DENUNCIA SOLICITADA SEGÚN CONFIRMÓ EN SU RESOLUCIÓN DEL 18 DE MARZO DE 2024 Y ARCHIVADA EN AUTOS EL 21 DE MARZO DE 2024 TODA VEZ QUE LA MISMA AFECTA EL DEBIDO PROCESO DE LEY DEL IMPUTADO AL CAUSAR CONFUSIÓN AL JURADO (JUZGADOR).

En el recurso de epígrafe, el peticionario solicitó la paralización de los procedimientos ante el TPI. El 9 de abril de 2024, dictamos una *Resolución* concediendo a la parte recurrida hasta el lunes, 15 de abril de 2024 para expresarse. Habiendo cumplido la parte con lo ordenado, nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

---

[5] *Íd.*, a la pág. 10.
[6] *Íd.*, a la pág. 1.

Analizados los escritos de las partes y el apéndice del recurso; así como estudiado el derecho aplicable, procedemos a resolver.

## II.

### *El Auto de Certiorari*

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). Esta discreción, ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia, supra*, pág. 91.

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una resolución interlocutoria, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, que lee como sigue:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar

causa evita un fracaso de la justicia.

Los criterios antes transcritos nos sirven de guía para, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso que se nos presenta, no procede nuestra intervención. Así pues, es norma reiterada que este foro intermedio no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

Por su parte, en nuestro ordenamiento jurídico, la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Lo anterior no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un uso excesivo de discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia,* supra.

**III.**

En esencia, el peticionario alegó que el TPI erró al permitirle al Ministerio Público enmendar la denuncia porque la corrección propuesta no fue de forma; por el contrario, entiende que dicho proceder constituyó una violación sustancial a su debido proceso de ley.

Luego de revisar cuidadosamente los escritos de las partes y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho como alegó el peticionario. Si bien la oración añadida no es un

elemento necesario para configurar los delitos imputados, tampoco dicha alegación de hecho es inmaterial o irrelevante a la evidencia que el Ministerio Público presentará en su día durante el juicio.[7]

Por otra parte, destacamos las expresiones de nuestra Legislatura en la Exposición de Motivos de la Ley núm. 41-2023, refiriéndose a la enmienda a la Ley núm. 54-1989, donde afirmó que la referida enmienda se realizó para que ahora "no sea necesario presentar como prueba un patrón de conducta para que se constituya el delito de maltrato. Obviamente, esa determinación deberá ser caso a caso, dependiendo de la totalidad de las circunstancias. En ese sentido, el tribunal deberá analizar el sentir de la víctima y la naturaleza de los hechos en cada caso."[8] Advertimos, además, el foro primario poseía jurisdicción para reconsiderar *motu proprio* su dictamen emitido en corte abierta. Añadimos que los argumentos esbozados por el peticionario son especulativos y en su mayoría constituyen materia de prueba.

En fin, no encontramos ninguna situación al amparo de los criterios de la Regla 40 de nuestro Reglamento, *supra*, que justifiquen la expedición del auto.

**IV.**

Por los fundamentos antes expuestos, declaramos *No Ha Lugar* a la paralización de los procedimientos y denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[7] En nuestro ordenamiento criminal el Ministerio Público no está obligado a abundar en la acusación más allá de lo mínimo requerido, pero tampoco se le prohíbe hacerlo. *Pueblo v. Vélez Rodríguez,* 186 DPR 621, 634 (2012).
[8] Véase, Exposición de Motivos de la Ley núm. 41 del 22 de febrero de 2023.